UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DR. KRISTINA TARANOV,

      Plaintiff,

v.                                                                   Case No.:  2:25-cv-1230-SPC-NPM

BANK OF AMERICA, N.A.,

      Defendant.

---

## OPINION AND ORDER

Before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss for Failure to State a Claim.  (Doc. 5).  Plaintiff Dr. Kristina Taranov, proceeding pro se, responded.  (Doc. 11).  For the below reasons, the Court grants the motion.

### Background

This case is about late payments on a car loan.  In September 2023, Plaintiff purchased a vehicle from a non-party car dealer ("Dealer").  Plaintiff and the Dealer signed a Retail Installment Sale Contract ("Contract") detailing the terms of the sale and financing, along with related disclosures ("disclosure statement").  (Doc. 1-2 at 4).  Defendant became the sole assignee of the Contract, which required Plaintiff to make 72 monthly payments of $479.35, beginning in November 2023.

Plaintiff failed to make timely payments several times in 2024 and 2025. (*Id.* at 10). Because of this, interest accrued on Plaintiff's payments, and subsequent late payments consisted only of the interest then-due that had accrued over the period of non-payment. (*Id.*). In 2025, Plaintiff complained to Defendant about the interest accruing from the missed payments. She asserted that the "loan principal and interest were being misapplied and improperly recalculated . . . [and] the principal balance did not decrease as expected" despite her making accelerated payments. (Doc. 1-1 at 3). Defendant responded to Plaintiff's complaints and asserted that no errors occurred on its end.

Plaintiff sues Defendant for the money she believes it improperly charged her, as well as damage to her credit standing. Plaintiff brings three claims against Defendant: violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (Count I), violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Count II), and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201–213 (Count III). Defendant moves to dismiss all three counts under Federal Rule of Civil Procedure 12(b)(6).

## Legal Standard

To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

Pro se complaints are construed liberally and held to less stringent standards than formal pleadings that lawyers draft. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But this leniency has its limits. Courts neither "serve as de facto counsel for a [pro se] party," nor "rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (citation omitted).

## Analysis

The Court begins with Plaintiff's TILA claim. Defendant moves to dismiss, arguing that the claim is barred on statute of limitations grounds. Defendant is correct.

3

Plaintiff's TILA claim is untimely.  She alleges that "[Defendant] failed to provide accurate and complete disclosures" in the Contract at the time of the vehicle sale, which occurred on September 27, 2023.  (Doc. 1-1 at 6, 7).  An action under TILA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  Plaintiff filed her complaint more than two years later.  (Doc. 1-1 at 5).

Plaintiff's arguments regarding timeliness are unpersuasive.  She contends that the "asserted violations became apparent only through Defendant's servicing" of the vehicle loan, and therefore she could not have discovered the violation at the time of sale.  (*Id.* at 3).  When Plaintiff discovered the alleged violation is irrelevant as it is the "occurrence of the violation" which starts the clock on her TILA claim.  15 U.S.C. § 1640(e); *see also Rodriguez v. SunTrust Mortg. Inc.*, No. 09-60291-CIV, 2009 WL 10668620, at *2 (S.D. Fla. May 14, 2009) (explaining that a TILA violation "occurs when the transaction is consummated") (citing *In re Smith,* 737 F.2d 1549, 1552 (11th Cir. 1984)). While Plaintiff passingly refers to equitable tolling in her response (Doc. 11 at 3), she provides no developed argument or authority to demonstrate why the doctrine should apply.  *See Belony v. Amtrust Bank*, No. 09-82335-CIV, 2011 WL 2297669, at *2 (S.D. Fla. June 8, 2011) (explaining that the "failure to cite *any* authority for [a] principle makes it difficult for the

4

Court to rule in [a party's] favor") (emphasis in original).  The Court finds Plaintiff's TILA claim is time-barred.  Count I is dismissed with prejudice.

Now, Plaintiff's FDCPA claim.  Defendant argues that Plaintiff's FCPA claim is also barred on statute of limitations grounds.  The Court agrees.

Plaintiff's FDCPA claim fails to comply with the applicable statute of limitations.  A claim under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).  "[T]he statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019).  As with her TILA claim, Plaintiff's FDCPA claim is based on the September 27, 2023, disclosure statement from the Contract. (Doc. 1-1 at 3).  So, Plaintiff's FDCPA claim is time-barred.  Count II is dismissed with prejudice.

Finally, the Court turns to Plaintiff's FDUTPA claim.  Defendant argues the claim should be dismissed because the FDUTPA does not apply to federally insured banks such as it.  (Doc. 5 at 10).  The Court agrees with Defendant.

The FDUTPA expressly exempts federally regulated banks from compliance with FDUTPA.  *See* Fla. Stat. § 501.212(4)(c) (noting the FDUTPA "does not apply to . . . [b]anks, credit unions, and savings and loan associations regulated by federal agencies"); *see also City of St. Petersburg, Fla. v. Wachovia Bank, Nat. Ass'n.,* No. 810-CV-693-T-26TBM, 2010 WL 2991431, at *3 (M.D.

5

Fla. July 27, 2010) (noting "all banks regulated by the federal government" are exempted from the FDUTPA). Plaintiff does not dispute this exemption exists, nor can she. And she cannot dispute that she sued the entity Bank of America, N.A., which is a national bank subject to federal regulations. *See, e.g.*, *George v. Wells Fargo Bank, N.A.*, No. 13-80776-CIV, 2014 WL 61487, at \*5 (S.D. Fla. Jan. 8, 2014) ("There can be no dispute that 'N.A.' stands for 'National Bank' . . . As a National Bank, [d]efendant is exempt from FDUTPA.") (internal citations omitted). So, Plaintiff's FDUTPA claim fails. The Court dismisses Count III with prejudice.

Plaintiff's complaint brings untimely and incognizable claims. Because amendment cannot cure these deficiencies, dismissal with prejudice is appropriate. *See, e.g.*, *Bennett v. LeBlanc*, No. 6:21-CV-1972-PGB-EJK, 2022 WL 21737691, at \*2 (M.D. Fla. Jan. 19, 2022) (explaining that amendment is futile where "there is no indication a more carefully drafted pleading might state a claim") (citing *Howard v. Memnon*, 572 F. App'x 692, 697 (11th Cir. 2014)).

Accordingly, it is

**ORDERED:**

1. Defendant Bank of America, N.A.'s Motion to Dismiss (Doc. 5) is **GRANTED**.

2. Plaintiff Dr. Kristina Taranov's Complaint (Doc. 1) is **DISMISSED with prejudice**.

3. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, enter judgment for Defendant, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 1, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

7